# UNITED STATES DISTRICT COURT
for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

Name of Offender:    James Galen Brown                    Case No.: 5:12-CR-072-H(01)

Name of Sentencing Judge:    Senior U.S. District Judge Sam R. Cummings (Case Reassigned to U.S. District Judge James Wesley Hendrix on August 9, 2019.)

Date of Original Sentence:    January 25, 2013

Original Offense:    Transportation of Child Pornography and Aiding and Abetting, 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2, a Class C Felony

Original Sentence:    108 months custody, 10-year term of supervised release

U.S. Marshals No.:    44849-177

Type of Supervision: Supervised Release    Date Supervision Commenced: October 23, 2020

Assistant U.S. Attorney:  Steven M. Sucsy          Defense Attorney:  David E. Sloan
(Court appointed)

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

### Previous Court Notifications

On October 21, 2020, a Request for Modifying the Conditions or Term of Supervision With Consent of the Person Under Supervision was submitted to the court due to James Galen Brown having no viable residence. On October 22, 2020, Mr. Brown's conditions were modified to allow him to reside in the residential re-entry center and successfully participate in the residential re-entry center program located at Dismas Charities Inc., 709 East 49th Street, Lubbock, Texas 79404 for a period of no more than 180 days, to be released at the direction of the probation officer.

### I.

### Violation of Special Condition No. 4

The defendant shall neither possess nor have under his control any sexually oriented, or sexually stimulating materials of adults or children. The defendant shall not patronize any place where such material is available.

### Violation of Special Condition No. 5

The defendant shall not possess, have access to, or utilize a computer or internet connection device without permission of the Court.

12C (Revised 1/19/2018)

James Galen Brown
Petition for Person Under Supervision

## Nature of Noncompliance

James Galen Brown violated these conditions of supervision on or about October 2020 through April 2024. On April 22, 2024, Mr. Brown admitted to Sutton's Polygraph Service, Lubbock, Texas that he had viewed adult pornography since being on supervised release. On April 25, 2024, James Brown reported to the U.S. Probation Office, Lubbock, Texas and admitted, both verbally and in writing to viewing adult pornography, utilizing an unapproved electronic device and accessing the internet from January 1, 2024, until February 28, 2024. He reported using a cell phone he had in his possession since he began his term of supervised release on October 23, 2020. He reported he had not turned it on or used it until January 1, 2024, when he found it within his possessions. He reported connecting to an unsecured Wi-Fi network at his place of residence. It should be noted Mr. Brown resides at the Carriage House Inn, an extended stay hotel. When asked for the phone, Mr. Brown indicated he had thrown it away approximately three weeks prior to admitting to viewing pornography. A visit was conducted at Mr. Brown's residence. No cell phone was observed. It should be noted, James Brown did not have permission to possess the cell phone at any time.

## Personal History

James Galen Brown began his term of supervised release on October 23, 2020. Due to having no viable release plan, Mr. Brown resided at Dismas Charities Inc., Lubbock, Texas until April 15, 2021, when he moved to Carriage House Inn. On February 1, 2021, James Brown was referred to Kleinpeter and Associates, Lubbock, Texas for sex offender specific treatment. He has attended treatment regularly.

James Brown has held stable employment at Ashley's Homestore Furniture Warehouse, Lubbock, Texas, since his release.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Not applicable |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | At least 5 years, minus current revocation sentence, up to Life. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B1.1(a)(3), p.s. & 7B1.3(a)(2) & (c)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 14, 2024
Respectfully submitted,                              Approved,

Vili Trayanova                                        Tye Lawrence
U.S. Probation Officer                               Supervising U.S. Probation Officer
Lubbock                                              Phone: 806-472-1144
Phone: 806-472-1154

James Galen Brown
Petition for Person Under Supervision

---

**Order of the Court:**

☐  No action.

☑  The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐  The Issuance of a Summons

☐  Other or Additional:

_____

_____

☐  File under seal until further order of the Court.

_____

The Honorable James Wesley Hendrix
U.S. District Judge

5/14/24

Date