# UNITED STATES DISTRICT COURT
### for
### NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | James Galen Brown      Case No.: 5:12-CR-072-H(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sam R. Cummings (Reassigned to U.S. District Judge James Wesley Hendrix on August 9, 2019.) |
| Date of Original Sentence: | January 25, 2013 |
| Original Offense: | Transportation of Child Pornography and Aiding and Abetting, 18 U.S.C. § 2252A(a)(1) and 18 U.S.C. § 2, a Class C Felony |
| Original Sentence: | 108 months custody, 10-year term of supervised release |
| Revocations: | August 08, 2024: 15 months custody, 7-year term of supervised release |
| Detainers: | None |
| U.S. Marshals No.: | 44849-177 |
| Type of Supervision: | Supervised Release  Date Supervision Commenced: June 9, 2025 |
| Assistant U.S. Attorney: | Steven M. Sucsy      Defense Attorney:  David E. Sloan (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

### I.

### Violation of Special Conditions Nos. 4 and 6.

The defendant shall neither possess nor have under his control any sexually oriented or sexually stimulating materials of adults or children. This includes visual, auditory, telephonic, electronic media, email, chat communications, instant messaging, or computer programs. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

The defendant shall not possess, have access to, or utilize a computer or internet connection device, including, but not limited to Xbox, PlayStation, Nintendo, or similar device, without permission of the probation officer. This condition requires preapproval for categories of computer or internet access or use; it does require separate pre-use approval every time the defendant accesses or uses a computer or internet.

### Nature of Noncompliance

On June 9, 2025, James Brown (Brown) commenced supervised release in the Northern District of Texas, Lubbock Division. Brown was initially referred for sex offender treatment on June 24, 2025, with Jon Klein Family Counseling & Associates, Lubbock, Texas. On October 1, 2025, due to a change of vendor, Brown was referred to Better Pathways, Lubbock, for sex offender treatment. Brown was recommended

James Galen Brown
Petition for Person Under Supervision

to participate in weekly group counseling, bi-monthly individual counseling, and a yearly polygraph examination.

On March 17, 2026, Brown completed a polygraph examination with Basham Polygraph Solutions in Lubbock. The polygrapher determined deception was indicated throughout the examination. During the post polygraph interview, Brown admitted to viewing pornography one time, on a borrowed phone, one week after his release from custody (June 2025).

On March 19, 2026, Brown reported to the U.S. Probation Office as instructed. Brown admitted to Senior U.S. Probation Officer (USPO Subealdea) that he lied to the polygrapher about only viewing pornography one time. Brown admitted to viewing pornography from October 2025 until March 15, 2026. Brown advised he connected his cellphone to the wireless internet where he resided. [Brown did not have permission to access the internet.] Brown stated he knew he was not supposed to access the internet but did so anyway. While talking to Brown, he also admitted to having a pornography addiction and needed help.

## Personal History

Brown recommenced supervised release on June 9, 2025. He has resided at a local motel in the Lubbock area and struggled to secure employment. Brown was referred to local staffing agencies and provided with numerous job leads, with no success. Brown was referred to sex offender counseling and attended as required.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | None. |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Life (minus 15 months from prior revocation), minus current revocation sentence.18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

James Galen Brown
Petition for Person Under Supervision

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | I | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 3 to 9 months | USSG §7C1.5, p.s. |
| **Fine:** | None. | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

James Galen Brown
Petition for Person Under Supervision

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2026
Respectfully submitted,                              Approved,

_____          _____
Carlos Subealdea                                     Contessa Milam
Senior U.S. Probation Officer                  Supervising U.S. Probation Officer
Lubbock Division                                     Phone:  806-472-1143
Phone:  806-472-1149
Email: carlos_subealdea@txnp.uscourts.gov

---

**Order of the Court:**

☐   No action.

☑   The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐   The Issuance of a Summons.

☐   Other or Additional:

_____

☐   File under seal until further order of the Court.

_____
The Honorable James Wesley Hendrix
U.S. District Judge

3/31/26
_____
Date